UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BETHANY SHELTON, | ) |
|     Plaintiff, | )<br>)<br>) |
| v. | ) Cause No. 1:17-CV-120 |
| ARBOR HOMES, LLC, | )<br>)<br>) |
|     Defendant. | )<br>) |

COMPLAINT

Plaintiff, Bethany Shelton ("Shelton"), brings claims against Defendant, Arbor Homes, LLC ("Defendant"), and shows as follows:

**OVERVIEW**

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA") and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("Indiana Minimum Wage Law of 1965"). Defendant violated the FLSA by failing to pay Shelton the minimum wage required by federal law. Moreover, Defendant violated the FLSA by failing to pay Shelton the overtime premium required under federal law. Shelton is pleading the Indiana Minimum Wage Law of 1965 in the alternative.

**PARTIES**

2. Shelton is an individual who, at all relevant times, resided in Johnson County, Indiana. She was employed by Defendant within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Shelton was an

individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).  Moreover, Shelton was an employee as defined by I.C. §22-2-2-3.

3. Defendant is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  Alternatively, Shelton's work regularly involves commerce between states.  Moreover, Defendant is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, with two or more employees at all times relevant to the events described in this Complaint.

4. At all times hereinafter, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000

## JURISDICTION

5. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b).  The Court has supplemental jurisdiction over Shelton's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FACTS

7. Shelton was hired by Defendant on or about July 19, 2016.

8. Shelton would be officially scheduled to work four (4) days per week for seven (7) hour shifts each day. Defendant paid Shelton $10 per hour.

9. Shelton's supervisor was Jeremy Bolt. Bolt would require Shelton to come in approximately one (1) hour before each shift to pick up, remove trash, and prepare the model homes for tours and customers.

10. Moreover, Bolt would call Shelton in to work on her days off.

11. Because Defendant did not want Shelton to be eligible for benefits, Bolt would only report that Shelton worked twenty-eight (28) hours per week. Bolt would turn in Shelton's weekly time card indicating she had worked 28 hours per week despite Shelton working, on average, 32 hours per week during weeks she was not called in to work extra shifts.

12. Shelton's employment ended on December 20, 2016. Between July 19th and December 20, 2016, Shelton worked sixteen (16) days that she was not paid for, eight (8) hours each day.

13. During this period, Shelton worked in excess of forty (40) hours per week one or more times.

14. Defendant failed to compensate Shelton by paying her at least minimum wage for all hours she worked. Moreover, Defendant failed to compensate Shelton by paying her at least one and one-half times her regular rate of pay for those hours she worked in excess of forty (40) hours per week.

15. Shelton has suffered harm as a result of Defendant's pay practices.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

16. Shelton incorporates paragraphs 1 – 15 herein.

17. During the relevant time period, Defendant violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum wage and overtime requirements of the FLSA.

18. Shelton was not paid minimum or overtime wages.

19. Shelton was harmed by Defendant's unlawful willful and/or reckless conduct.

## COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

20. Shelton incorporates paragraphs 1 – 19 herein.

21. Shelton pleads her minimum wage and overtime claims under Indiana law in the alternative.

22. At all relevant times Defendant violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Shelton at the required minimum wage for all hours worked.

23. At all relevant times Defendant violated the Indiana Minimum Wage Law of 1965's overtime wage provisions by failing and refusing to pay Shelton overtime wages for hours worked in excess of forty (40) hours per week.

24. Defendant's conduct is willful, reckless, or indifferent to Shelton's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in her favor and award her the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An order awarding Plaintiff unpaid wages and any applicable penalties under Indiana law;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff her attorney's fees;

e. A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA and Indiana law by failing to comply with the minimum wage and overtime requirements of the FLSA and Indiana law; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN 46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN 46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail: indy2buck@hotmail.com